IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| CAMERON JEFFERSON, ) | |
| ) | |
| Plaintiff, ) | Case No.: 8:17-cv-00243 TDC |
| ) | |
| v. ) | |
| ) | |
| SELECT PORTFOLIO SERVICES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants, Select Portfolio Servicing, Inc. ("SPS") and BWW Law Group, LLC ("BWW"), through undersigned counsel, Eckert Seamans Cherin & Mellott, LLC, and pursuant to Fed. R. Civ. P. 12(b)(6), submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss Plaintiff's Complaint.

### FACTUAL BACKGROUND

This matter arises from a residential property transaction involving property located at 11509 Brigit Court, Bowie, Maryland (the "Property"). On October 26, 2006, Plaintiff executed an Adjustable Rate Note promising to repay Bear Sterns Residential Mortgage Corporation the sum of $546,400.00 ("Note"). *See* Exhibit 1, Note.[1] The Note was secured by a deed of trust – also executed on October 26, 2006, by Plaintiff that encumbered the Property ("Deed of Trust").

---

[1] In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may consider "documents attached to the complaint, . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original). Further, the court may also consider documents "referred to in the complaint and relied upon to justify a cause of action – even if the documents are not attached as exhibits." *Fare Deals Ltd. v. World Choice Travel.com, Inc.*, 180 F.Supp.2d 678, 683 (D. Md. 2001). Here, the first page of the Note is attached to the Complaint as Doc. 1-2, p. 2 of 7. A full and complete copy of that document is attached to this filing as Exhibit 1.

*See* Exhibit 2, Deed of Trust.[2] The Note and the Deed of Trust (collectively "the Mortgage Loan") were sold, transferred and assigned to Wells Fargo Bank, National Association, as Trustee f/b/o holders of Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR4, Mortgage Pass-Through Certificates, Series 2006-AR4 ("Wells Fargo, as Trustee"). An assignment of the Deed of Trust was recorded on May 13, 2015, at Liber 36981 Folio 006 ("Assignment"). *See* Docket No. 1-3.

## PROCEDURAL HISTORY

In 2015, Plaintiff, who was facing a foreclosure on the Property, brought a similar action against the same Defendants. The case, styled *Jefferson v. Select Portfolio Servicing, Inc.*, and docketed as 8:15-cv-02031, alleged that BWW and SPS violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") and the Maryland Consumer Protection Act. With regard to the FDCPA claim, Plaintiff alleged that:

> Defendants violated the FDCPA by (1) presenting themselves and Wells Fargo Bank National Association as Trustee...as creditors, when Defendants are acting as debt collectors; (2) attempting to collect a debt when [Plaintiff] is not indebted to SPS, BWW or Wells Fargo; (3) attempting to collect the debt past the applicable statute of limitations; (4) failing to include appropriate and consistent information in the dunning notices; (5) harassing him; (6)failing to respond properly to his notice of dispute.

2016 U.S. Dist. LEXIS 85188 at *5-6 (D. Md. June 30, 2016).

The Maryland Consumer Protection Act alleged that BWW and SPS were attempting to deprive Plaintiff of his private personal property by attempting to collect a debt that was not owed. *Id.* at *19-20. The Court dismissed Plaintiff's Complaint with prejudice holding that, "Jefferson does have a mortgage loan, and the outstanding balance is owed to Wells Fargo." *Id.* at *8. Further,

---

[2] The first page of the Deed of Trust is attached to the Complaint as Doc. 1-2, p. 3 of 7. A full and complete copy of that document is attached to this filing as Exhibit 2.

2

the Court specifically held that "Jefferson cannot state a claim based on an allegation...that he does not have a mortgage or owe a debt to Wells Fargo." *Id.*

The instant Complaint does not plead specific causes of action against the Defendants, but instead recites 25 pages of conclusory statements and bald allegations devoid of factual support. Nevertheless, the Complaint appears to re-litigate the same violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), while also alleging Defendants violated the Truth in Lending Act, 15 U.S.C. §§ 1601 ("TILA"), and committed common law conversion and wire fraud. The essence of Plaintiff's claims are the same as they were in the prior case, that: (1) the Mortgage Loan is invalid; (2) any assertion of ownership by Defendants or attempt by them to collect on the Mortgage Loan constitutes an illegal practice in violation of the FDCPA and TILA; and (3) any funds received by the Defendants from Plaintiff in connection with the Mortgage Loan amount to conversion and/or wire fraud. These issues have already been resolved by the Courts. The Complaint is meritless and appears to have been filed for no other reason than to continue to delay foreclosure of the Property and to allow Plaintiff to continue to reside at the Property without making any payments on the Mortgage Loan.

## **STANDARD OF REVIEW**

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must state sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcraft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is facially plausible when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Proper pleading under Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949. Thus, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (internal marks omitted). Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 553-55 (citations omitted). As the courts have held, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 129 S.Ct. at 1949, nor are "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," sufficient to defeat a motion to dismiss. *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

## ARGUMENT

Plaintiff's Complaint fails as his claims against the Defendants have already been litigated to their conclusion, and thus, are barred by the doctrine of *res judicata*. To the extent that the Complaint asserts causes of action not specifically barred by the doctrine of *res judicata*, they are barred by collateral estoppel as Judge Grimm has already held that "Jefferson cannot state a claim based on an allegation…that he does not have a mortgage or owe a debt to Wells Fargo." Further, even if Plaintiff's claims against Defendants had not already been resolved by the Court, the Complaint contains nothing more than baseless allegations and libelous accusations without any factual enhancement. The allegations fail to state a claim to relief that is plausible on its face and, therefore, must be dismissed as a matter of law.

I.   **PLAINTIFF'S CLAIMS ARE BARRED BY *RES JUDICATA*.**

Under the doctrine of *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (quotations omitted); *Doe v. United States*, 2015 U.S. Dist. LEXIS 39538 *6 (D. Md. Mar. 27, 2015); *Castillo v. Wells Fargo Bank, N.A. (In re Castillo)*, 2015 U.S. Dist. LEXIS 21525 *18 (D. Md. Feb. 20, 2015). Three elements must be satisfied for *res judicata* to apply. "[T]here must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Id.* at 354-55. The Court should consider whether the party or its privy knew or should have known of its claims at the time of the first action and the Court must determine whether the first suit was an effective forum to litigate the relevant claims. *See id.* at 473-474.

Here, it is very clear that two years prior to filing this Complaint, the Plaintiff brought the exact same FDCPA claim challenging the same attempts to collect the same debt, by the same parties. *Compare* Complaint filed in 2017 CA 243 TWC and Exhibit 3, Complaint filed in 2015 CA 2031 PWG. The prior litigation resulted in a final judgment when Judge Grimm issued his June 30, 2016 Opinion granting Defendants' Motion to Dismiss. *Jefferson v. SPS*, 2016 U.S. Dist. LEXIS 85188 at * 8 (D. Md. June 30, 2016). Plaintiff cannot now attempt to collaterally attack that Judgment by filing a new complaint alleging the same causes of action.
As this Complaint asserts the same FDCPA claim against the same parties that were resolved in the prior final judgment, the Complaint in this case should be dismissed as a matter of law.

Plaintiff's TILA claim and common law fraud and conversion claims are also precluded. Despite being characterized differently, plaintiff's claims in the instant case are all based upon the

premise that Wells Fargo, as Trustee, is not the holder of the Note with the right to foreclose. Judge Grimm specifically held that "Jefferson cannot state a claim based on an allegation…that he does not have a mortgage or owe a debt to Wells Fargo." *Id.* For these reasons, the Plaintiff's claims are precluded and the Complaint should be dismissed with prejudice.

## II. ALL CLAIMS BASED UPON THE ASSERTION THAT THERE IS NO MORTGAGE LOAN OR WELLS FARGO, AS TRUSTEE DOES NOT HAVE STANDING TO ENFORCE THE MORTGAGE LOAN ARE PRECLUDED BY COLLATERAL ESTOPPEL

Assuming *arguendo* that this Court believes that the Plaintiff's failure to plead specific causes of action in his Complaint means that there is no "identity of the cause of action" for purposes of *res judicata*, the Complaint still must be dismissed on preclusion grounds pursuant to the doctrine of collateral estoppel, as it is clear that any such claims appear to be based upon the same premise.

Collateral estoppel, or issue preclusion, prohibits the "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 891, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008) (internal quotation marks omitted); *see also In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004). For collateral estoppel to apply, the proponent must establish that:

(1) the issue sought to be precluded is identical to one previously litigated;
(2) the issue must have been actually determined in the prior proceeding;
(3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding;
(4) the prior judgment must be final and valid; and
(5) the party against whom <u>estoppel</u> is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.

*See id.*

In the prior litigation, Judge Grimm clearly and unequivocally held that "Jefferson does have a mortgage loan, and the outstanding balance is owed to Wells Fargo." 2016 U.S. Dist. LEXIS 85188 at * 8 (D. Md. June 30, 2016). Accordingly, the Court found that "Jefferson cannot state a claim based on an allegation…that he does not have a mortgage or owe a debt to Wells Fargo." *Id.* Each of the Plaintiff's claims here are based upon this exact allegation.

Similar attempts to re-litigate regulatory claims against mortgage servicers or their privy have been dismissed on preclusive grounds. *See Quattlebaum v. Bank of Am., N.A.*, 2016 U.S. Dist. LEXIS 169332 (D. Md. Dec. 7, 2016); *Alston v. Equifax Info. Servs., LLC*, 2016 U.S. Dist. LEXIS 130841 (D. Md. Sept. 22, 2016); *Lucero v. Freddie Mac Equity Plus I-Esic, Ltd. P'ship*, 2015 U.S. Dist. LEXIS 99542 (D. Md. July 28, 2015). This Court should similarly dismiss this case, as the doctrines of *res judicata* and collateral estoppel are designed specifically to foreclose collateral attacks, such as is attempted here, and to ensure the integrity of judgments rendered by courts of competent jurisdiction.

### III. THE COMPLAINT DOES NOT ASSERT ANY FACTS TO SUPPORT HIS CLAIM THAT DEFENDANTS VIOLATED THE FDCPA.

Notwithstanding the fact that Plaintiff's claims have already been litigated to their final conclusion, the Complaint must be dismissed on the merits, as it fails to state a claim pursuant to the FDCPA. To establish a claim under the FDCPA, "a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n.3 (4th Cir. 2012). Plaintiff's Complaint here fails, as it does not refer to any specific activity that is prohibited by the FDCPA. Plaintiff's allegation that the Defendants violated the FDCPA by attempting to collect a debt that was not due, based upon the assertion that there is no Mortgage

Loan or that the Defendants do not have a right to collect on the Mortgage Loan is unsupported. The Complaint itself acknowledges that Plaintiff entered into the Mortgage Loan. See Complaint at 12 (stating the obligation is due to Bear Sterns Resident Mortgage); 16 (admitting that "Bear Sterns was merely the loan originator"); 24 (seeking a declaratory judgment that voluntary lien given by consumer to Bear Sterns Resident Mortgage is extinguished, terminated, released). To the extent, Plaintiff alleges that Wells Fargo, as Trustee does not have the right to enforce the terms of the Mortgage Loan, the land records conclusively prove the contrary.[3] See Exhibit 2, Deed of Trust, and Docket 1-3, Assignment of Deed of Trust. Wells Fargo, as Trustee is the holder of the Mortgage Loan with the right to enforce the terms of that agreement. Further, it is undisputed that SPS and BWW are agents of Wells Fargo as Trustee. See Complaint at 4, 13 see also Docket No. 1-2, pp. 4-7; 1-4, pp. 2-6.

Plaintiff's claims that the Assignment is invalid or otherwise violates the FDCPA is flatly contradicted by the language in the Deed of Trust. The language of the Deed of Trust, which Plaintiff himself executed, expressly contemplates and authorizes the assignment of the Lender's rights thereunder as well as a change in Loan Servicer:

> The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note...

See Exhibit 2 at p. 11.

Accordingly, it is clear that Wells Fargo, as Trustee; SPS, as its servicer and BWW as the Substitute Trustees, have the authority to enforce the Mortgage Loan. Plaintiff's claims that SPS

---

[3] This Court may take judicial notice of matters of public record and those recorded in the land records. See Fed. R. Evid. 201(b)(2), 803(8(A)(i); *Alston v. Wells Fargo Home Mortg,* 2016 U.S. Dist. LEXIS 24147 (D. Md. 2016).

violated the FDCPA for attempting to collect a debt not due or owing or a debt that SPS has no right to enforce is contradicted by the land records and documents integral to the Complaint. Thus, Plaintiff fails to state a claim upon which relief can be granted.

## IV. THE COMPLAINT FAILS TO STATE A CLAIM UNDER TILA

The Complaint makes vague references to the Truth in Lending Act without specifically alleging any particular violations by SPS and/or BWW. It is unclear as to what acts Plaintiff believes the Defendants have committed and what provisions of TILA those acts violate. However, to the extent that Plaintiff's TILA claim relates to the origination of the Mortgage Loan, such claims are time barred. Pursuant to 15 U.S.C. § 1640(e), ". . . any action under this section may be brought in any United States District Court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." *See McLeod v. PB Invest Corp*, 492 Fed Apx 379, 387 (4th Cir. 2012)(*quoting Gilbert v. Residential Funding LLC*, 678 F.3d 271, 278 (4th Cir. 2012); *Ward v. Sec. Atl. Mortg. Elec. Reg. Sys. Inc.*, 858 F. Supp. 2d 561, 569 (E.D.N.C. 2012). When the TILA claim is based on insufficient disclosures, the limitation period runs from the date of the transaction at which the disclosures should have been made. *See Faircloth v. Nat'l Home Loan Corp.*, 313 F. Supp. 2d 544, 552 (M.D.N.C. 2003); *see also Rodrigues v. Members Mortgage Co., Inc.*, 323 F. Supp. 2d 202, 210 (D. Mass. 2004). The Complaint does not state whether the Plaintiff is alleging a violation at the time of the closing on this loan or prior to that date, however as the loan closed in 2006, Plaintiff's claims are a minimum of 10 years old. As these claims were not raised until years after origination, they are time barred and must be dismissed as a matter of law.

Further, assuming *arguendo* that the claims were timely, the TILA claims should still be dismissed, as the Complaint as plead, does not provide the Defendants fair notice as to the claims

against them. Under the federal pleading standard, an allegation of injury must be pleaded in terms of specific facts. A court will not accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).). In the instant case, the Complaint does not provide any information as to which of the defendants he alleges violated TILA, how the statute was violated, or when the statute was violated. By making a broad allegation that indicates uncertainty regarding which Defendants committed the alleged fraud or violated the unidentified provisions of various statutes, Plaintiff does not give Defendants adequate notice of the claims against them.

## V. PLAINTIFF'S COMMON LAW CLAIMS FOR WIRE FRAUD AND CONVERSION FAIL AS A MATTER OF LAW

Pursuant to Maryland law, "[c]onversion is an intentional tort, consisting of two elements, a physical act combined with a certain state of mind. The physical act can be summarized as 'any distinct act of ownership or dominion exerted by one person over the personal property of another in denial of his right or inconsistent with it.'" *Darcars Motors of Silver Spring, Inc. v. Borzym*, 379 Md. 249, 261 (2004) (*citing Allied Investment Corp. v. Jasen*, 354 Md. 547, 560 (1999)) (*quoting Interstate Ins. Co. v. Logan*, 205 Md. 583, 588-89 (1954)). Nothing in Plaintiff's Complaint alleges that the Defendants have attempted to assert ownership or dominion over any personal property. To the extent that Plaintiff's conversion claim is based upon the theory that Defendants have improperly asserted that they are agents for the holder of the Mortgage Loan, such a claim cannot state a claim for the reasons stated above.

Plaintiff's claim that Defendants committed wire fraud similarly fails. To state a claim for fraud, a plaintiff must show: "(1) a false representation, (2) of material fact, (3) made intentionally

and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Wolf v. Fannie Mae*, 512 Fed. Appx. 336, 343 (4th Cir. 2013). As with any other claim, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). Further, Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). As previously stated, the Complaint here does not provide any factual support for any of the elements necessary to support a claim of fraud. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (noting that the 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.') (quotations omitted).

## CONCLUSION

For all of the above reasons, Defendants move this Court to enter an Order dismissing the Complaint. As the Plaintiff's claims are precluded as a matter of law and amendment would be futile, the Defendants request the dismissal be with prejudice.

Respectfully submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By:   /s/ *Daniel A. Glass*
Daniel Glass (#28730)
Edward J. Longosz, II (#07509)
1717 Pennsylvania Avenue, NW, Suite 1200
Washington, DC 20006
Tel: (202) 659-6600
Fax: (202) 659-6699
dglass@eckertseamans.com
elongosz@eckertseamans.com
*Counsel for Defendants, Select Portfolio
 Servicing Inc. and BWW Law Group, LLC*