UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CAMERON JEFFERSON and
ESTATE OF CAMERON JEFFERSON,

    Plaintiffs,

    v.

SELECT PORTFOLO SERVICES and
BWW LAW GROUP LLC,

    Defendants.

Civil Action No. TDC-17-0243

**MEMORANDUM ORDER**

On January 26, 2017, self-represented Plaintiff Cameron Jefferson filed suit against Defendants Select Portfolio Services ("SPS") and BWW Law Group, LLC ("BWW"). The Complaint, styled as a "Consumer Enforcement Action," alleged civil violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p (2012), the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, the Sherman Act, 15 U.S.C. §§ 1-7, the Clayton Act, 15 U.S.C. §§ 12-27, and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f; the criminal offenses of "identity theft," insider trading, conversion, and perjury. Compl. at 5, ECF No. 1. Two years earlier, Jefferson filed suit against the same defendants, alleging violations of the FDCPA and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann. Com. Law §§ 13-101-501 (2013). *Jefferson v. Select Portfolio Servicing, Inc.*, No. PWG-15-2031, 2016 WL 3551835, at *1 (D. Md., June 30, 2016) ("*Jefferson I*").[1]

---

[1] The Court takes judicial notice of the complaint and opinion in *Jefferson I*. *See* Fed. R. Evid. 201(b)(2); *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (stating that a court may take judicial notice of matters of public record).

Both of these cases are grounded in the same operative facts. On October 26, 2006, Jefferson obtained a mortgage ("the Mortgage") on 11509 Brigit Court, Bowie, Maryland ("the Property") for $546,400 from Bear Stearns Residential Mortgage Corporation. The note and associated deed of trust were subsequently assigned to "Wells Fargo Bank, National Association, as Trustee f/b/o holders of Structured Mortgage Assets Investments II, Inc., Bear Stearns Mortgage Funding Trust 2006-AR4, Mortgage Pass-Through Certificates, Series 2006-AR4" ("Wells Fargo"). Compl. Ex. B at 2, ECF No. 1-3;[2] *Jefferson I*, 2016 WL 3551835 at *2-3. In turn, Wells Fargo retained SPS to service the mortgage, and BWW was retained to assist with any necessary enforcement actions. By December 2013, Jefferson had fallen into default on his mortgage, and Defendants began sending him letters regarding his default.

In *Jefferson I*, Jefferson claimed that he did not owe a debt to SPS, BWW, or Wells Fargo, that Defendants sent him threatening or deceptive letters, and that these communications failed to comply with various requirements under the FDCPA. *Jefferson I*, 2016 WL 3551835 at *3-4. In granting a motion to dismiss, United States District Judge Paul W. Grimm rejected these claims, holding that "Jefferson cannot state a claim based on an allegation that SPS or BWW demanded payment for a debt owed to it, rather than Wells Fargo, or that he does not have a mortgage or owe a debt to Wells Fargo." *Id.* at *3. Judge Grimm also rejected Jefferson's claims that Defendants' communications violated the FDCPA or were otherwise harassing or deceptive. *Id.* at *4-6.

## DISCUSSION

Defendants now move to dismiss all of Jefferson's claims as barred by *res judicata* or collateral estoppel based on the ruling in *Jefferson I*. *Res judicata* and collateral estoppel are

---

[2] The page numbers cited for all Exhibits attached to the Complaint are those assigned by the CM/ECF system.

legal doctrines that promote judicial efficiency and the finality of decisions. *In re Microsoft Corp Antitrust Litigation*, 335 F.3d 322, 325 (4th Cir. 2004). Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). This doctrine applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) an identity of cause of action in both the earlier and later suits; and (3) an identity of parties or their privies in the two suits. *Id.* at 354-55. There can be no dispute that *Jefferson I* culminated in a final judgment on the merits because the motion to dismiss was granted with prejudice. *Jefferson I*, 2016 WL 3551835 at *7. Likewise, with respect to the third prong, Jefferson named both SPS and BWW as defendants in both *Jefferson I* and the present case.

Thus, the focus is on the second prong. Cases involve the same "cause of action" if they "arise out of the same transaction or series of transactions or the same core of operative facts." *Pueschel*, 369 F.3d at 355 (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996)). Even if a plaintiff is proceeding under a different legal theory, "[a]s long as the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (internal citation omitted). Notably, *res judicata* bars not only claims actually litigated in the first case, but also claims that could have been litigated in that proceeding. *Pueschel*, 369 F.3d at 355-56.

The present case was filed a mere seven months after Judge Grimm's decision in *Jefferson I* in June 2016 and four months after Jefferson's appeal was dismissed for failure to prosecute in September 2016. Although Jefferson's Complaint is difficult to comprehend and

often incoherent, its claims of violations of the FDCPA and other federal laws are primarily based on the Mortgage and the letters, sent by SPS or BWW before or during August 2015, relating to the servicing of and default on the Mortgage. The same mortgage and series of communications formed the basis of the claims in *Jefferson I*. Thus, to the extent that Jefferson's claims arise from the issuance and servicing of the Mortgage and the related communications prior to August 2015, they arise from the same core of operative facts as in *Jefferson I* and are thus precluded by *res judicata*. These claims include not only the FDCPA claim actually litigated in *Jefferson I*, but also the remaining federal and state claims because they could have been brought in *Jefferson I*. *See Pueschel*, 369 F.3d at 355-56.

Beyond recycling the same factual allegations, Jefferson adds one significant new fact that post-dates *Jefferson I*, the initiation of a foreclosure action against the Property on November 28, 2016. Jefferson alleges that the foreclosure action has been inappropriately advanced by BWW and is instead a cover for the illegal seizure of his property. *See* Compl. at 16-18 ("The term Foreclosure is thus a 'misnomer,' while Asset Forfeiture is the real crime being committed against the *consumer*."). Jefferson further alleges general violations of the FDCPA based on Defendants' communications regarding the impending foreclosure action. However, Jefferson does not refer to any specific statement by either Defendant and instead claims that "[e]ven if a legitimate Mortgage existed, the principal amounts due are the sole property, assets of the principal, *consumer*." Compl. at 16. Thus, to the extent that any part of Jefferson's FDCPA and associated claims arise from the foreclosure proceeding and related communications, those claims are dependent on the premise that he does not owe a debt arising from the Mortgage.

Any such claims are precluded by the doctrine of collateral estoppel. Under collateral estoppel, issues of fact or law that have been conclusively determined in a previous lawsuit cannot be litigated in subsequent lawsuits brought by the same party. *In re Microsoft Corp.*, 355 F.3d at 326. Collateral estoppel applies if (1) the issue "is identical to the one previously litigated"; (2) the issue "was actually resolved in the prior proceeding"; (3) the issue "was critical and necessary to the judgment in the prior proceeding"; (4) the prior judgment is final and valid; and (5) the party "to be foreclosed by the prior resolution of the issue" had "a full and fair opportunity to litigate the issue" in the prior proceeding. *Id.*

Here, the same issue of whether Jefferson owes a debt arising from the mortgage was conclusively resolved in *Jefferson I* when Judge Grimm ruled that "Jefferson does have a mortgage loan, and the outstanding balance is owed to Wells Fargo," such that he "cannot state a claim based on an allegation that ... he does not have a mortgage or owe a debt to Wells Fargo." *Jefferson I*, 2016 WL3551835 at *3. Where that issue was a necessary part of the decision in *Jefferson I*, the judgment in *Jefferson I* is now final, and Jefferson, as a party in that case, has had a "full and fair opportunity to litigate the issue," any claims arising from the impending foreclosure action and related communications are also precluded by the ruling in *Jefferson I* under the doctrine of collateral estoppel. *In re Microsoft Corp.*, 355 F.3d at 326. Having failed to convince the court of the merits of his claims in his previous lawsuit, Jefferson cannot relitigate those same issues in this forum.

The Court also finds other bases for dismissal. Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Jefferson's claims are premised on conclusory statements, without comprehensible factual support, and thus fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 8(a);

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In particular, Jefferson alleges no specific conduct giving rise to claims under the Clayton Act, the Sherman Act, the Fair Credit Reporting Act, or the Truth in Lending Act that could support a plausible claim for relief under those statutes. Finally, the Court notes that Jefferson's allegations of criminal violations by Defendants necessarily fail because a criminal prosecution may be initiated only by a prosecutor. *See Leeke v. Timmerman*, 454 U.S. 84, 86-87 (1981).

Accordingly, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss, ECF No. 14, is GRANTED;

2. Plaintiff's Complaint is DISMISSED WITH PREJUDICE;

3. The Clerk shall MAIL a copy of this order to Jefferson; and

4. The Clerk is directed to CLOSE this case.

Date:  October 4, 2017

THEODORE D. CHUANG
United States District Judge